## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **DOUGLAS STALLWORTH,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:11CV00389 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DALTON MAJORS, ET AL.,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| Defendants | ) | |

*Douglas Stallworth, Pro Se Plaintiff.*

Douglas Stallworth, a federal inmate, brings this civil rights action pursuant to 42 U.S.C.A. § 1983 (West 2003) and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that  state and federal law enforcement officers involved in the criminal investigation leading to his federal conviction are liable for monetary damages for violations of his constitutional rights.  I have reviewed the record and conclude that the action must be summarily dismissed pursuant to 28 U.S.C.A. § 1915A(b)(1) (West 2006).

Stallworth is currently incarcerated after his conviction in this court for participating in a drug conspiracy.  Stallworth and another codefendant, Bruce Baumgardner, pleaded not guilty and were tried together before a jury in October of 2008.  Several of their codefendants pleaded guilty and testified against them. The government contended that Stallworth and Baumgardner had served as street

distributors in a large, multifaceted drug trafficking conspiracy. Baumgardner and Stallworth argued that they were only drug addicts, and not conspirators.

After the jury returned a guilty verdict as to both defendants, but before sentencing, two of the government codefendant witnesses, Paul Vaughn and Derrick Evans, began to recant their testimony. Based in part on those recantations, both Stallworth and Baumgardner moved for judgments of acquittal or a new trial.

I conducted an evidentiary hearing and heard testimony from Vaughn and Evans. Following that hearing, I issued a written opinion finding that the testimony Vaughn and Evans had given before the grand jury and during the trial was credible, while their recantations were not. *United States v. Baumgardner*, No. 1:08CR00024, 2009 WL 2424334 (W.D. Va. Aug. 6, 2009). Accordingly, I denied the motions for judgments of acquittal or for a new trial.[1] Stallworth was sentenced to life imprisonment, made mandatory by statute, based upon his prior drug convictions. 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2011). He appealed, and that appeal is still pending. *United States v. Stalllworth*, No. 09-4659 (4th Cir.)

---

[1] I also denied attempts by Vaughn and Evans to withdraw their guilty pleas. *United States v. Vaughn*, No. 1:08CR00024, 2009 WL 2762159 (W.D. Va. Aug. 27, 2009); *United States v. Evans*, 635 F. Supp. 2d 455, 464 (W.D. Va. 2009).

In this civil action, Stallworth sues law enforcement officers Dalton Majors and Todd Brewer for allegedly threatening Vaughn and coercing him into testifying falsely to the grand jury and the trial jury about Stallworth's involvement in the drug conspiracy.    Stallworth also sues Raphael Hartley (who he calls Raphael Harland), Vaughn's defense counsel, for somehow helping the agents to coerce Vaughn into giving false testimony.    Stallworth alleges that all three defendants took these actions in order to secure his conviction for a crime they knew he did not commit, in violation of his constitutional right to due process.

Stallworth's claims, seeking monetary damages for actions that contributed to his criminal conviction, are not actionable under § 1983 or *Bivens* unless his resulting conviction has been overturned or set aside.  The United States Supreme Court has held that

> in order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order . . . or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted).  Although the civil action involved in the *Heck* case arose under § 1983 against state officials, the rationale in *Heck* also applies in *Bivens* actions.  *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995);

*Poston v. Shappert*, 222 F. App'x 301, 301 (4th Cir. 2007) (unpublished) (applying *Heck* rationale to bar claims for damages under § 1983 and *Bivens*).

Because Stallworth's conviction has not been overturned or expunged, any cause of action for damages that he may have against anyone for wrongful actions that contributed to that conviction is not actionable.  Therefore, I will dismiss his claims without prejudice.

A separate Final Order will be entered herewith.

DATED:   October 19, 2011

/s/  James P. Jones       
United States District Judge